Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| VICTORIA MARÍA RIVERA RIVERA<br><br>Peticionario<br><br>v.<br><br>FERNANDO JAVIER RAMOS OLIVELLA<br><br>Recurrida | KLCE202400813 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024RF00210<br><br>Sobre: Divorcio, Custodia y Alimentos de Menor, Medidas Cautelares |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de agosto de 2024.

Comparece Fernando Javier Ramos Olivella (en adelante, peticionario), mediante un recurso de *Certiorari*, para solicitarnos la revisión de la *Resolución* notificada el 27 de junio de 2024, por el Tribunal de Primera Instancia, Sala de San Juan (en adelante, TPI).[1] Mediante la *Resolución* recurrida, el foro primario declaró No Ha Lugar una solicitud presentada por el peticionario para que se establecieran relaciones paternofiliales. Sobre dicha determinación, el peticionario presentó una solicitud de reconsideración,[2] la cual fue denegada mediante Resolución notificada el 11 de julio de 2024.[3]

Durante la relación matrimonial entre las partes del título, entiéndase, Victoria María Rivera Rivera (en adelante, recurrida) y el peticionario procrearon al menor I.F.R.R. (menor) quien a esta fecha cuenta con seis (6) años de edad. Allá, para febrero de 2024, la

---

[1] Apéndice del recurso, a las págs. 1-3.
[2] *Íd.,* a las págs. 4-17.
[3] *Íd.,* a las págs. 18-19.

Número Identificador

RES2024_____

recurrida interpuso una *Demanda* con el fin de disolver su vínculo matrimonial con el peticionario.[4] Sobre el particular, el peticionario presentó una contestación y reconvención.[5]

En lo pertinente, previo a que se celebrara la vista de divorcio entre las partes, la recurrida había presentado una solicitud de orden de protección al amparo de la Ley 57-2023, según enmendada, mejor conocida como la Ley para Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de Menores,[6] ante la Sala Municipal del Tribunal de Primera Instancia de San Juan (Sala Municipal), en el alfanumérico SJ57-2023-0050. A la fecha de la vista de divorcio, no se había celebrado la vista final, sin embargo, se había emitido una *Orden de Protección* ex parte a favor del menor.[7]

Regresando a los asuntos relacionados al caso del título, el 7 de mayo de 2024, el TPI celebró la vista de divorcio y emitió la *Sentencia*.[8] En lo atinente, dispuso que "una vez se emita determinación en los asuntos pendientes ante la Sala Municipal, se atenderá la custodia y relaciones filiales".[9] Además, el TPI ordenó a la Unidad Social de Relaciones de Familia y Menores a realizar un estudio sobre custodia compartida y relaciones filiales.[10]

Tres días más tarde, el 10 de mayo de 2024, se celebró ante la Sala Municipal, la vista final sobre *Orden de Protección* en el alfanumérico SJ57-2023-0050.[11] Según se desprende, la Sala Municipal expidió una *Orden de Protección* permanente a favor del

---

[4] *Íd.,* a las págs. 20-25.
[5] *Íd.,* a las págs. 44-51.
[6] 8 LPRA sec. 1641 *et seq.*
[7] *Íd.,* a las págs. 36-41. La Orden de Protección ex parte a favor del menor fue emitida el 17 de enero de 2024.
[8] Apéndice del recurso, a las págs. 63-65. La *Sentencia* fue notificada el 10 de mayo de 2024.
[9] Apéndice del recurso, a la pág. 65.
[10] La *Orden* de estudio social en cuestión fue emitida el 22 de mayo de 2024, y luego fue enmendada, a solicitud del peticionario, mediante *Orden* notificada el 5 de junio de 2024, para incluir en la evaluación sobre custodia compartida. Véase apéndice del recurso, a las págs. 78 y 81-82.
[11] Apéndice del recurso, a las págs. 69-75.

menor, con una vigencia dese el 10 de mayo de 2024, hasta el 10 de agosto de 2024.

Es menester puntualizar que, sobre dicha determinación, tras su inconformidad con la expedición de *Orden de Protección* en su contra, el 10 de junio de 2024, el peticionario del título interpuso un recurso de *Certiorari* en el alfanumérico KLCE202400643. En el interín, en el caso de autos, el 12 de junio de 2024, el peticionario presentó una escrito en el cual solicitó, en síntesis, que la recurrida cumpliese con ciertas órdenes relacionadas a la *Orden de Protección* sobre la cual días antes recurrió en *Certiorari*, y para que se establecieran relaciones paterno filiales.[12] Sobre el particular, el tribunal de instancia celebró una vista. En la vista, el TPI recibió el testimonio de ambas partes y los argumentos de sus respectivas representantes legales.[13]

Producto de la vista celebrada, el tribunal recurrido emitió una *Resolución* mediante la cual denegó la solicitud de relaciones paterno filiales instada por el peticionario.[14] El TPI concluyó, en síntesis, que era esencial contar con las recomendaciones de la Unidad Social dado a que se había ordenado un estudio social y razonó que lo anterior era necesario particularmente, estando vigente una orden de protección en protección del menor.[15] Inconforme, el 10 de julio de 2024, el peticionario presentó una solicitud de reconsideración,[16] la cual fue denegada mediante *Resolución* notificada el 11 de julio de 2024.[17]

En desacuerdo con el curso decisorio, el 24 de julio de 2024, el peticionario presentó un recurso de *Certiorari*. La parte recurrida no compareció.

---

[12] *Íd.,* a las págs. 83-90.
[13] Véase el Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la entrada 72.
[14] Apéndice del recurso, a las págs. 1-3.
[15] *Íd.,* a la pág. 3.
[16] *Íd.,* a las págs. 4-17.
[17] *Íd.,* a las págs. 18-19.

Luego de haber evaluado el expediente en su totalidad, los autos ante el TPI en el SUMAC, incluyendo, además, la *Resolución* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción ni tampoco, que la determinación sea manifiestamente errónea. Es por lo anterior, que no procede nuestra intervención en esta etapa de los procedimientos. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil[18], y la Regla 40 del Reglamento de este Tribunal[19], acordamos denegar la expedición del auto de *Certiorari.*

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari* y se devuelve el caso al foro primario para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] 32 LPRA Ap. V, R. 52.1.
[19] 4 LPRA Ap. XXII-B, R. 40.